

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 06-10023-01 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER |
| JAMES JOHNSON, III, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine and was sentenced on June 4, 2007, to 188 months custody. Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. I have conducted an initial review of the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

Defendant contends that I erred in applying a two level sentencing guidelines enhancement for possession of a firearm. He also contends that counsel was ineffective in erroneously advising the defendant to enter into a plea agreement which included a waiver of his right to appeal his sentence, including the firearm enhancement.

Defendant waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742."[1] Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Generally, "§ 2255 relief is not

---

[1] He reserved the right to appeal a sentence above the advisory guideline range. No such sentence was imposed.

available to correct errors which could have been raised at trial or on direct appeal." United States v. Eagle Thunder, 873 F.Supp. 1362, 1372 (D.S.D. 1994) (adopting the report and recommendation of Mark A. Moreno, U.S. Magistrate Judge). Thus, if a criminal defendant fails to exercise his right to appeal, in this case because he has waived his right to appeal, he has, as a general rule, waived his right to collaterally challenge those issues which could and should have been raised on direct appeal.

A promise made in a plea agreement to waive appeal rights is binding upon petitioner and is enforceable if (1) the appeal falls within the scope of the waiver, (2) the waiver and plea agreement were entered into knowingly and voluntarily, and (3) the enforcement of the waiver will not result in a miscarriage of justice. United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003). Defendant's objection to the application of a sentencing enhancement falls within the scope of the waiver and he has waived that claim.

A review of the record compels the conclusion that petitioner's appeal waiver must be enforced. The waiver language in the plea agreement is clear. Defendant testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. He was warned by this Court in no uncertain terms what important rights he was waiving. At the change-of-plea hearing petitioner declared, under oath, that he did understand the proceedings and that he did understand the fact that he was waiving the right to appeal his sentence.

> "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985) (citations omitted) . . . [Petitioner] has a heavy burden to overcome those admissions and show that his plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977); *United States v. Goodman*, 590 F.2d 705, 710 (8th Cir.), cert. denied, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979).

Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997).

At the change of plea hearing I advised the defendant that he had the right to appeal only a sentence that is a longer sentence than is called for by the guideline range. He indicated that he

understood that and that he also understood that the danger to him in that regard is that neither he, his attorney, nor the court knew what the guideline range is at the time of his plea and so he was taking his chances in that regard. I advised him at the change of plea hearing that "I will be deciding what the facts are and, based upon what I find the facts to be, I'll decide what the advisory guideline range is. And so as to all of those matters you are taking your chances." Defendant stated that he understood that I could make a mistake as to the facts or the law and that he would not be able to appeal any such mistakes. He now contends that I made a mistake as to a sentencing enhancement. He waived such claim.

The appeal waiver was knowing and voluntary. United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (finding plea to be knowing and voluntary where defendant testified under oath that he understood the proceeding). Accordingly, his waiver may be specifically enforced.

Defendant contends that counsel was ineffective in advising him to enter into a plea agreement which waived his right to appeal. To support a claim of ineffective assistance of counsel, a two prong test must be met. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" Hill v. Lockhart, 28 F.3d 832, 837 (8th Cir. 1994), (*quoting* Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L. Ed. 2d (1984)). Defendant "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." *Id.*, (*citing* Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068). In a case where the defendant pleads guilty as a result of alleged ineffective assistance of counsel, in order to satisfy the prejudice prong, defendant must show "a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). "When, as here, a defendant pleads guilty on the advice of counsel, he must demonstrate, in order to later claim that his plea was involuntary because of some infirmity in the advice, that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Taylor v. Bowersox, 329 F.3d 963, 972 (8th Cir. 2003) (*quoting* McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25

L.Ed.2d 763 (1970)). Defendant "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Defendant was charged in the indictment with having entered into three separate conspiracies to distribute methamphetamine, cocaine, and marijuana. In exchange for his plea to one count of conspiracy, the government moved to dismiss the other two counts. The defendant agreed to cooperate and the government agreed to consider filing a Rule 35 motion for reduction in sentence based upon defendant's cooperation. The evidence against the defendant was overwhelming. At a co-conspirator's trial, the co-conspirator testified in detail as to the defendant's guilt in an effort to obtain an acquittal of the charges against her. Counsel's advice to enter into a plea agreement was certainly within the range of competence under the circumstances present. He has not satisfied the first prong of Strickland.

Defendant "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea[s] based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). Defendant's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

Defendant signed a factual basis statement wherein he admitted the conduct set forth in the indictment. During the change-of-plea hearing, defendant twice testified under oath that the factual basis statement was true and correct. Defendant has not set forth facts showing that he would have gone to trial and denied his conduct. There is no evidence in the record which can overcome the persuasive evidence of voluntariness of defendant's plea. He has not satisfied the second prong of Strickland.

Defendant does not contend that he would not have pleaded guilty absent ineffective assistance, but that he would not have waived his right to appeal the application of the two level firearm enhancement. Defendant contends that, absent an appeal waiver, he would have

4

successfully appealed the application of that enhancement, thus reducing his advisory guideline range.

If the two level reduction had not been applied, defendant's total offense level would have been 33 instead of 35. With a criminal history category of II, his advisory guideline range would have been 151 - 188 months. He was sentenced to 188 months. His sentence would have been presumptively reasonable even if I had erred in applying the enhancement. United Stated v. Zastrow, 534 F.3d 854, 856 (8th Cir. 2008). He thus cannot show that his sentence would have been lower.

Defendant cannot show that, had he appealed his sentence, the enhancement would have been struck down by the Court of Appeals. Guidelines § 2D1.1(b)(1) provides:

> If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.

Application Note 3 provides, in part:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

The Eighth Circuit clarified when it is appropriate to apply the firearm enhancement in United States v. Peroceski, 520 F.3d 886 (8th Cir. 2008). The Eighth Circuit held that "there are actually two separate things that the government must show before the enhancement applies: that the weapon was present and that it was connected to the offense." Id. at 888. The Guidelines, specifically Application Note 3 above, "reduce the quantum of proof necessary to make out a case for its application." Id. at 889.

> Reducing the proof required on the question of connection . . . discourages drug criminals from bringing weapons anywhere near their drugs. It also recognizes that the mere availability of a weapon during a drug crime makes further inquiry into the relation between the two virtually pointless because of the increased risk of violence that the presence of a gun gives rise to.

United States v. Peroceski, 520 F.3d at 888-89.

> The government need not show that the defendant used or even touched a
> weapon to prove a connection between the weapon and the offense. This
> means that evidence that the weapon was found in the same location as
> drugs or drug paraphernalia usually suffices. We have also recognized that
> a well-known tendency of drug criminals to use firearms in connection
> with their drug activities supports an inference that a gun near the vicinity
> of drug activity is somehow connected to it. The gun need not even be
> operable for it to be connected to the offense.

United States v. Peroceski, 520 F.3d at 889 (internal citations omitted).

"Firearms serve as the 'tools of the drug trade' by 'providing protection and intimidation,' therefore firearms and drug offenses are often related and 'result in reciprocal offense characteristic enhancements.'" United States v. Canania, 532 F.3d 764, 770 (8th Cir. 2008) (*quoting* United States v. Bell, 477 F.3d 607, 615 (8th Cir. 2007)). In Bell, the Eighth Circuit held that since drug dealers often possess firearms to protect themselves and their drugs, a gun found proximately located to the drugs supports an inference that the defendant possessed the gun in furtherance of defendant's possession with intent to distribute drugs. United States v. Bell, 477 F.3d at 614. It is enough if the gun was found in the house from which defendant had sold drugs and kept drug paraphernalia. United States v. Annis, 446 F.3d 852, 856 (8th Cir. 2006).

Defendant objected to the presentence writer's application of the two level enhancement as follows:

> The Defendant was arrested without incident, within a motor vehicle, and
> without a weapon. The weapon was found inside a house, in a case, and
> was unloaded. The fact the weapon was found without a round in the
> chamber or a magazine within the weapon, is the best evidence that a two
> level enhancement should not occur. James Johnson is not guilty of using
> a firearm in an unsafe manner. He is not guilty of using a firearm in an
> illegal fashion. He did not use the firearm to commit any "violent crime"
> or inflict a "loss of human life."

Defendant did not object to the factual recitation in the presentence report that he and co-defendant Brianne Nutter were residing at Nutter's grandparents' residence, that packages addressed to the "Millers" were delivered to that residence even though no person with that name resided at the residence, that Brianne Nutter took possession of one such package, that two more packages addressed to the "Millers" at the same residence were intercepted and found to contain

methamphetamine and cocaine inside candles and marijuana inside pillows, that the packages were thereafter delivered to the residence where the defendant took possession of the packages, soon left the residence, and was thereafter arrested nearby. A search of the residence uncovered cash, drug paraphernalia, cocaine and methamphetamine residue, and an unloaded Ruger 9mm handgun along with a magazine containing 50 rounds of ammunition.

Defendant did not object to the factual assertions in the presentence report but instead argued that those facts did not warrant a firearm enhancement in this case. At the sentencing hearing, counsel for the government and counsel for the defendant stipulated that, with regard to the facts concerning the firearm, "the facts stated in the presentence report and the probation officer's response to the objections are factually accurate." Defendant contends that counsel was ineffective in so stipulating without his consent. Counsel was not ineffective in so stipulating because, in the absence of an objection to the facts, a district court may rely on the facts set forth in the presentence report without further proof by the government. United States v. Flores, 9 F.3d 54, 56 (8th Cir. 1993).

The facts set forth in the presentence report were sufficient to apply the firearm enhancement in this case. Defendant was involved in a conspiracy to distribute methamphetamine, he was receiving drugs at his residence for that purpose, and the firearm was found in that residence. It is not improbable that the firearm was connected to the offense. Defendant can show no prejudice as a result of his waiver of his right to appeal the firearm enhancement and therefore he cannot prevail on his ineffective assistance of counsel claim.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the petitioner is not entitled to relief.

Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Based upon the foregoing,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 91, is denied.

Dated this 11th day of February, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Paepke
DEPUTY
(SEAL)